UNITED STATES DISTICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04-12419 PBS**

| | |
|---|---|
| SPA CAPITAL, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| MOUNT AUBURN ATHLETIC CLUB, INC., WILLIAM CROWLEY and TANYA CROWLEY, | MAGISTRATE JUDGE _____ |
| Defendants. | |

RECEIPT # 60101
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446, the defendants, Mount Auburn Athletic Club, Inc., William Crowley and Tanya Crowley (collectively, "the Defendants"), hereby file and submit this Notice of Removal relative to the above referenced matter. In support of this Notice, the Defendants state as follows:

The plaintiff, Spa Capital, LLC ("Spa Capital"), commenced this lawsuit against the Defendants in the Massachusetts Superior Court (Middlesex County) on August 30, 2004. A true and correct copy of Spa Capital's Complaint is attached hereto as Exhibit A. The Defendants received notice of the commencement of this action on or about October 25, 2004.

Mount Auburn Athletic Club, Inc. is a Massachusetts corporation with a principal place of business in Watertown, Massachusetts. William Crowley and Tanya Crowley are individuals residing in Massachusetts. According to the Complaint, Spa Capital is a limited liability company organized under the laws of the State of Delaware with a usual place of business in Golden Valley, Minnesota. The amount in controversy is in excess of $75,000, exclusive of interest and costs. Accordingly, the Court has jurisdiction over this civil action based upon

diversity of citizenship and amount in controversy, see 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Mount Auburn Athletic Club, Inc., William Crowley and Tanya Crowley hereby remove this action to the United States District Court for the District of Massachusetts (Eastern Division) pursuant to the governing statutes.

Respectfully submitted,

MOUNT AUBURN ATHLETIC CLUB, INC.,
WILLIAM CROWLEY and TANYA CROWLEY,

By their attorneys,

Thomas H. Hayman (BBO#557279)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: (617) 217-5209
Fax: (617) 217-5200

## CERTIFICATE OF SERVICE

I, Eric H. Loeffler, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, this 12th day of November, 2004, upon the following:

Robert R. Pierce, Esq.
Christopher D. Engebretson, Esq.
Pierce & Mandeli, P.C.
11 Beacon Street, Suite 800
Boston, MA 02111

Eric H. Loeffler, BBO #641289

- 2 -

02115-0001
350565v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. No. MICV2004-03383-D

SPA CAPITAL LLC,
    Plaintiff

v.

MOUNT AUBURN ATHLETIC CLUB,
INC., WILLIAM CROWLEY and
TANYA CROWLEY,
    Defendants

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for breach of a spa management contract, tortious interference with contractual relations and violation of G.L. ch. 93A. Plaintiff's predecessor entered into a management contract with the defendant health club and worked to substantially increase revenue and improve operations of the health club over a number of years. Plaintiff was assigned the contract and performed its obligations thereunder. The defendants have attempted to take advantage of a merger involving the plaintiff as an excuse to repudiate the management agreement and taken a litany of wrongful actions for the purpose of avoiding management fees and thus denying the plaintiff the benefit of its substantial investment.

### PARTIES

2. Plaintiff Spa Capital LLC ("Spa Capital" or "Plaintiff") is a Delaware limited liability company with a usual place of business at 8341 10th Avenue North, Golden Valley, Minnesota. Spa Capital provides management services to health and beauty spas across North America.

1

3. Upon information and belief, Defendant Mount Auburn Health Club, Inc. a/k/a Mount Auburn Club, Inc. ("MAC") is a Massachusetts Corporation with a usual place of business at 57 Coolidge Avenue, Watertown, Massachusetts where it operates a health club and spa known as the Mount Auburn Club (the "Club").

4. Upon information and belief, Defendant William Crowley is a Massachusetts resident. Mr. Crowley is a shareholder, the sole director and officer of MAC.

5. Upon information and belief, Defendant Tanya Crowley is a Massachusetts resident. Ms. Crowley is the general manager of the Club. She is also Defendant Mr. Crowley's daughter.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to M.G.L. c. 212, § 4 as this is a civil action over which no other court has exclusive jurisdiction.

7. This Court has personal jurisdiction over the parties pursuant to M.G.L. c. 223A § 3 as the causes of action stated herein arise from the defendants' transacting business in Massachusetts.

8. Venue for this action lies in Middlesex County pursuant to M.G.L. c. 223, § 8 as MAC has a usual place of business in Watertown, Middlesex County, Massachusetts.

2

## FACTS
### The Management Agreement

9. On or about November 1, 1999, Defendant MAC entered into a Management Agreement (the "Agreement") with Sage Management & Development LLC ("Sage") whereby Sage would provide management and consulting services to MAC in connection with its operation of the Club. Such services included, *inter alia*, budgeting, business promotions, employee recruitment and training, and general application of Sage's established business methods and practices. In exchange, MAC was to pay Sage each month the sum of: (a) a base fee of $2,000 and (b) an incentive fee equal to 25% of operating profit for the pervious month. The initial term of the Agreement extended to October 31, 2006.

10. In addition, pursuant to the Agreement, Sage selected all staff for the Club and all such staff became employees of Sage.

### Sage Assigns the Agreement to Spa Capital

11. On or about August 6, 2001 Sage and its founding Member, Francis Acunzo, entered into a purchase and contribution agreement with a number of parties, including Plaintiff Spa Capital whereby all assets of Sage, including the Agreement, were transferred to Spa Capital.

12. Sage provided services to MAC and otherwise performed its obligations pursuant to the Agreement from November 1999 until transfer of the Agreement to Spa Capital.

13. Upon transfer of the Agreement from Sage to Spa Capital, Spa Capital continued to provide services to MAC and otherwise perform the obligations originally undertaken by Sage. As a result of this transaction, Sage's employees at the Club became Spa Capital's

3

employees. MAC and Spa Capital continued their relationship under the Agreement for years without disruption.

14. As a direct result of the management and consulting services Sage and Spa Capital provided to MAC under the agreement, revenue from operation of the Club has increased over 100% since 1999.

## Premier Acquires Spa Capital and Discovers MAC Owes A Substantial Arrearage in Management Fees

15. On or about June 18, 2004, Premier Salons, Inc., ("Premier") acquired a 100% membership interest in Spa Capital and began the process of integrating Premier management into Spa Capital.

16. Prior to the integration of Premier and Spa Capital, Tim Gardner, a representative of Spa Capital, contacted MAC for the purpose of reviewing financial and other information concerning MAC and the Club or that otherwise related to the Agreement. In response, Defendant Tanya Crowley provided Mr. Gardner with such information on behalf of MAC.

17. Upon review of information provided by Ms. Crowley, Mr. Gardner determined that MAC owed Spa Capital approximately $26,450 in unpaid monthly incentive fees pursuant to the Agreement. By letter dated March 1, 2004, Mr. Gardner informed MAC and Ms. Crowley of this arrearage, attaching detailed calculations of same, and asked that MAC call to discuss the matter. Neither MAC nor Ms. Crowley nor Mr. Crowley responded to Mr. Gardner.

18. After months without any response from MAC, Mr. Crowley or Ms. Crowley, Mr. Gardner then sent a second letter to MAC, dated June 9, 2004, with attention to Mr. Gardner again demanding payment of the accrued incentive fees and enclosing the Agreement and a

4

calculation of the incentive fees owed to Spa Capital pursuant to the Agreement. MAC failed and refused to pay the incentive fees due.

## Defendants Refuse to Cooperate with Premier and Spa Capital

19. During the week of June 21, 2004, Ms. Christine Krupa and Ms. Tammy MacMillan, both representatives of Premier, met with Heather Levy, the spa manager at the Club, to facilitate changes in operations with regard to Spa Capital and the Club. At these meetings Ms. Levy was directed to and fully understood that she needed to produce new paperwork on each Spa Capital employee working at the Club and forward same to Premier. Ms. Levy, however, never produced this paperwork. Upon information and belief, MAC, Mr. Crowley and/or Ms. Crowley instructed Ms. Levy not to complete and forward the requested paperwork to Premier.

20. Sometime in late June 2004, Dianne Mondorf, another representative of Premier and Spa Capital, made several attempts to contact Ms. Levy. When finally reached, Ms. Levy informed Ms. Mondorf that she could not speak with Premier.

## Defendants Attempt to Repudiate the Agreement and Usurp Spa Capital

21. On June 25, 2004, Ms. Crowley, on behalf of MAC wrote by electronic mail to Brian Luborsky – President of Premier and a representative of Spa Capital. In this message, Ms. Crowley stated MAC's intention to repudiate the Agreement. Particularly, Ms. Crowley stated that MAC was "ending the relationship", that "the management has not worked out for us of the last 4 years" and "it is just not a good fit." Upon information and belief, MAC, Mr. Crowley and Ms. Crowley instead saw the merger of Spa Capital and Premier as an opportunity to evade the

5

Agreement and run the Club on there own without paying Spa Capital's management fees, thus depriving Spa Capital of the benefit of its investment of time and capital in the Club.

22. On June 29, 2004, Mr. Crowley, on behalf of MAC, wrote Tim Gardner at Spa Capital purporting to terminate the Agreement stating a number of pretextual grounds.

### The Defendants Engage in Serial Bad Faith, Deceptive and Unfair Acts

23. On July 1, 2004, without consultation with or authority from Spa Capital or Premier, Mr. Crowley and Ms. Crowley terminated two employees of Spa Capital – Ms. Pamela Andrews and Mr. David Appleton – working at the Club. In response, Mr. Luborski sent an electronic mail to Ms. Crowley asking that MAC refrain from further interfering with the staff or otherwise altering the status quo.

24. From late June to early July, representatives of Premier and Spa Capital, including Jocelyne Horst and Holly Russell attempted to reach Ms. Levy at the Club without success or reply. Because MAC was completely unresponsive and a number of employee matters remained unresolved, Ms. Horst and Ms. Russell decided to travel to Massachusetts to visit the Club in person to meet with Ms. Levy and Ms. Crowley.

25. On July 7, 2004 Ms. Horst and Ms. Russell visited the Club during business hours for the purpose of meeting with Ms. Levy and Ms. Crowley. When told by the spa receptionist at the Club that Ms. Levy would be in an appointment of an hour or more, Ms. Horst and Ms. Russell agreed to wait until Ms. Levy was available. Ms. Crowley then came to the spa and intercepted Ms. Horst and Ms. Russell. In so doing, Ms. Crowley quickly became rude and confrontational. She then caused Ms. Russell and Ms. Horst to be ejected from the spa and Club

6

without allowing them to meet with Ms. Levy or otherwise perform tasks necessary to Spa Capital's continuing management of the Club under the Agreement.

26. Upon information and belief, MAC, Mr. Crowley and Ms. Crowley have hired employees of Spa Capital at the Club in the their efforts to repudiate the Agreement and run the Club on their own.

27. MAC has since continuously repudiated the Agreement, frustrated Spa Capital's efforts to perform under the Agreement, and failed and refused to pay amounts due to Spa Capital under the Agreement.

## COUNT I
## Breach of Contract
### (Mount Auburn Athletic Club, Inc.)

28. Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 through 27 as if specifically set forth herein.

29. MAC and Sage entered into a valid contract, which was then validly assigned to and assumed by Spa Capital.

30. Sage and Spa Capital have fully performed their obligations under said contract.

31. MAC breached the said contract by, *inter alia*, (a) explicitly and repeatedly repudiating same, (b) interfering with Spa Capital's performance, (c) failing to cooperate with Spa Capital's efforts to perform, (d) interfering with Spa Capital's employees and (e) otherwise acting in bad faith.

32. MAC has breach its payment obligation by failing and refusing to pay Spa Capital the balance of management fees, including without limitation past due incentive fees, due under the contract to Spa Capital despite Spa Capital's repeated demands.

7

## COUNT II
## Tortious Interference With Contractual/ Advantageous Relations
(All Defendants)

33. Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 through 32 as if specifically set forth herein.

34. Spa Capital enjoyed the economic benefit of contracts and advantageous relationships with MAC and with various Spa Capital employees, including Heather Levy, Pamela Andrews and David Appleton, working at the Club.

35. Defendants were aware of the said contracts and advantageous relations.

36. Defendants interfered with the said contracts and advantageous relations by improper means and/or for improper motives.

37. Spa Capital has suffered harm as a result of the Defendants' tortuous interference with these contracts and advantageous relations.

## COUNT III
## Unfair Trade Practices
(Claim for Damages Pursuant to M.G.L. c. 93A)
(All Defendants)

38. Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 through 37 as if specifically set forth herein.

39. Defendants have attempted to take advantage of the merger of Spa Capital and Premier as an excuse to repudiate the Agreement for the purpose of avoiding management fees, including without limitation past due incentive fees, and thus denying Spa Capital the benefit of its substantial investment in MAC and the Club. In an attempt to carryout this scheme, Defendants have, *inter alia:*

8

- interfered with Plaintiff's performance of the Agreement;
- repudiated the Agreement under various pretexts while simultaneously refusing to cooperate with Plaintiff or afford Plaintiff any reasonable opportunity address issues relating to performance of the Agreement;
- terminated Plaintiff's employees without authorization;
- physical ejected Plaintiff's representatives from the Club during a business call; and
- otherwise acted in bad faith.

40. Defendants' actions constitute unfair competition or deceptive acts or practices in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, §§ 2 and 11.

41. Defendants' acts occurred and/or had their primary impact within Massachusetts.

42. Defendants' wrongful actions were taken willfully and knowingly.

43. Plaintiff has been harmed by Defendants' deceptive acts and practices and is therefore entitled to actual damages, costs and attorney's fees he has incurred, and up to double or triple damages.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Spa Capital LLC, hereby respectfully requests that this Honorable Court:

1. Enter judgment in favor of Plaintiff and against Defendants;

2. Award Plaintiff his damages, including multiple damages pursuant to M.G.L. c. 93A;

3. Award Plaintiff statutory interest of 12% per annum, calculated from the date of breach;

4. Award Plaintiff its costs and attorney's fees; and

5. Award Plaintiff such other relief as the Court deems just.

## JURY DEMAND

The plaintiff hereby demands a trial by jury on all counts to which it is entitled to a jury.

Respectfully Submitted,

SPA CAPITAL LLC

By its attorneys,

_(signature)_

Robert R. Pierce (BBO#549172)
Christopher D. Engebretson (BBO#635636)
PIERCE & MANDELL, P.C.
11 Beacon Street
Suite 800
Boston, Massachusetts 02111
617-720-2444

Dated: August 26, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Spa Capital, LLC v. Mount Auburn Athletic Club, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES [ ]  NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]  NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]  NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [X]  NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [X]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]  NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas H. Hayman/Eric H. Loeffler__
ADDRESS __Two Seaport Lane, 10th Floor__
TELEPHONE NO. __(617) 217-5209__

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Spa Capital, LLC

### DEFENDANTS
Mount Auburn Athletic Club, Inc., William Crowley and Tanya Crowley

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert R. Pierce, Esq.
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02111

Attorneys (If Known)
Thomas H. Hayman, Esq.
Eric H. Loeffler, Esq.
Cetrulo & Capone LLP
Two Seaport Lane, Suite 10
Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | PRISONER PETITIONS | | | |
| | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Pursuant to 28 U.S.C. §§1441 (a)-(b) and 1446, the defendants remove this contract action on the basis of 28 U.S.C. §1332.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 11/12/04
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____