UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPA CAPITAL, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>MOUNT AUBURN ATHLETIC CLUB, INC.,<br>WILLIAM CROWLEY and TANYA<br>CROWLEY,<br><br>      Defendants. | CIVIL ACTION NO. 04-12419-PBS |

## ANSWER

Now come the defendants, Mount Auburn Athletic Club, Inc., William Crowley and Tanya Crowley and respond to the allegations contained in the plaintiff's Complaint and Jury Demand as follows.

1. The first sentence of paragraph 1 of the Complaint is merely descriptive of the plaintiff's claims and requires no response. The defendants admit that the Mount Auburn Club, Inc. entered into a contract with Sage Management & Development, LLC, and the defendants otherwise deny the allegations contained in the second sentence of paragraph 1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 1. The defendants deny the allegations contained in the fourth sentence of paragraph 1 of the Complaint.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth that the allegations contained in paragraph 2 of the Complaint.

3. The defendants admit the allegations contained in paragraph 3 of the Complaint, but state that the proper name of the corporate defendant is the Mount Auburn Athletic Club, Inc. d/b/a the Mount Auburn Club (hereinafter, "MAC").

4. The defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a conclusion of law to which no response is required.

7. Paragraph 7 of the Complaint states a conclusion of law to which no response is required.

8. Paragraph 8 of the Complaint states a conclusion of law to which no response is required.

9. The defendants admit that the MAC entered into a Management Agreement with Sage Management & Development, LLC and that the Agreement is dated November 1, 1999. Further answering, the defendants state that the Management Agreement is a written document which speaks for itself.

10. The defendants state that some or all of the MAC employees who worked at the Spa became employees of Sage after the parties entered into the Management Agreement, and thereafter, Sage selected staff for the Spa.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. The defendants admit that Sage provided some services to the MAC after November 1, 1999, and otherwise deny the allegations contained in paragraph 12 of the Complaint.

13. The defendants deny the allegations contained in the first and third sentences of paragraph 13 of the Complaint. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 13 of the Complaint.

14. The defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. The defendants admit that Tim Gardner contacted the MAC and asked for financial information and that Tanya Crowley provided financial information to Mr. Gardner in response to his request. The defendants state that they are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16 of the Complaint.

17. The defendants admit that Tanya Crowley received the March 1, 2004 letter from Tim Gardner and the defendants deny the validity of the calculation reflected therein. The defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18. The defendants deny that they did not respond to Mr. Gardner and state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 18. The defendants admit that they did not pay the $26,450 requested by Mr. Gardner and the defendants deny the validity of Mr. Gardner's calculation of the incentive fees.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 19, and the

defendants deny the allegations contained in the fourth sentence of paragraph 19 of the Complaint.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. The defendants admit that Tanya Crowley, on behalf of the MAC, sent an e-mail to Brian Luborsky on June 25, 2004, and the defendants state that Ms. Crowley's e-mail is a written document which speaks for itself. The defendants deny the allegations contained in the third sentence of paragraph 21 of the Complaint.

22. The defendants admit that William Crowley, as an officer of the MAC, wrote to Mr. Gardner, with a copy to Mr. Brian Luborsky, on June 29, 2004, and the defendants state that the June 29, 2004 letter is a written document that speaks for itself. The defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. The defendants admit that Mr. Luborsky sent an email, but the defendants deny all of the remaining allegations contained in paragraph 23 of the Complaint.

24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, but deny that MAC was unresponsive.

25. The defendants admit the allegations contained in the first two sentences of paragraph 25, but deny that Ms. Horst and Mr. Russell asked to meet with Ms. Crowley, and the defendants are without knowledge or information sufficient to form a belief as to any "agreement" that Ms. Horst and Ms. Russell made to wait until Ms. Levy was available. The defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26. The defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The defendants deny the allegations contained in paragraph 27 of the Complaint.

## COUNT I

28. The defendants incorporate herein by reference paragraph 1 through 27 above.

29. The defendants admit that the MAC entered into a contract with Sage Management & Development, LLC and the defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30. The defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The defendants deny the allegations contained in paragraph 32 of the Complaint.

## COUNT II

33. The defendants incorporate herein by reference paragraphs 1 through 32 above.

34. The defendants deny that the MAC entered into any contract with Spa Capital and the defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint.

35. The defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The defendants deny the allegations contained in paragraph 36 of the Complaint.

37. The defendants deny the allegations contained in paragraph 37 of the Complaint.

## COUNT III

38. The defendants incorporate herein by reference paragraphs 1 through 37 above.

39. The defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The defendants deny the allegations contained in paragraph 40 of the Complaint.

41. The defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    The defendants deny the allegations contained in paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff is estopped by its own conduct, and/or by that of its predecessors, from asserting the claims alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff and/or its predecessors have waived the terms of the Management Agreement upon which the plaintiff seeks recovery through its Complaint.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff and/or its predecessors materially breached the Management Agreement and such breach excused any further performance by the MAC.

### FOURTH AFFIRMATIVE DEFENSE

The MAC was not informed of and did not consent to any assignment or transfer of Sage Management & Development LLC's obligations (or the obligations of Sage's successors) under the Management Agreement.

### FIFTH AFFIRMATIVE DEFENSE

Both parties have terminated the Management Agreement, such that the plaintiff is not entitled to further performance by MAC.

### SIXTH AFFIRMATIVE DEFENSE

Count II of the Complaint fails to state a claim against the defendants upon which relief may be granted, and that Count must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

- 7 -

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Count II of the Complaint fails to allege that the defendants interfered with contractual and/or advantageous relationships between Spa Capital and a third-party/third parties, that Count fails to state a claim upon which relief may be granted, and must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

### EIGHTH AFFIRMATIVE DEFENSE

Relative to the subject matter alleged in the Complaint, the defendants' conduct and communications were privileged and justified.

### NINTH AFFIRMATIVE DEFENSE

The subject matter alleged in the Complaint concerns a private transaction, which is outside the scope of G.L. c. 93A.

### TENTH AFFIRMATIVE DEFENSE

Tanya Crowley is not personally engaged in trade or commerce and she is not an officer of MAC, and therefore she cannot be liable to the plaintiff under G.L. c. 93A.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent the plaintiff has any legitimate claim for damages against MAC, which the defendants deny, MAC is entitled to a set-off based on damages it has sustained as a result of the acts and omissions of the plaintiff and/or its predecessors.

### TWELVTH AFFIRMATIVE DEFENSE

To the extent the plaintiff has sustained any damages as alleged in the Complaint, which the defendants deny, such damages were caused by persons or entities over whom the defendants have no control and for whom the defendants bear no responsibility.

- 8 -

WHEREFORE, the defendants respectfully request that the Court enter judgment in their favor as to all claims asserted against them in the Complaint, and that the Court award the defendants their costs and attorney's fees.

## JURY DEMAND

The defendants claim a trial by jury as to all claims for which a jury trial is appropriate.

Respectfully submitted,

MOUNT AUBURN ATHLETIC CLUB, INC.,
WILLIAM CROWLEY and TANYA CROWLEY

By their attorneys,

/s/ Thomas H. Hayman
Thomas H. Hayman (BBO#557279)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: (617) 217-5209
Fax: (617) 217-5200

Dated: November 17, 2004